JONAH J. AKER, Appellant, *v.* J. J. FREDELLA Co., INC., Respondent.

Third Department, November 20, 1929.

*Burritt B. Johnson*, for the appellant.

*Daniel F. Imrie*, for the respondent.

PER CURIAM. A dismissal was granted on the ground that no contract was proven. Under the evidence this was a question of fact or a mixed question of law and fact. All the acts and words, spoken or written, may be considered in determining whether the necessary mutual assent is established. It was for the court to determine as a fact whether the defendant, when, after the prior letters and negotiations between the parties, it sent its letter, dated March 14, 1927, inclosing therewith a "copy of contract for hauling, with prices as quoted today by your Mr. Beard," intended to make an offer; whether the terms of the letter and copy of the contract in connection with the other circumstances were such as to justify the plaintiff in understanding it to be an offer and acting on it as such. (*Stevens* v. *Amsinck*, 149 App. Div. 220; *White* v. *Hoyt*, 73 N. Y. 505, 511.) If so, when plaintiff signed the contract and returned it to the defendant, with the requested bond, a contract was made. (See American Law Institute's Restatement of the Law of Contracts, §§ 21, 22, 25, 26, 31.) Plaintiff, by so signing, ratified the acts of Beard and asserted his agency. Defendant informed the plaintiff prior to the time for beginning the work that the contract had been let to another. Plaintiff was not called upon to tender performance. (*Howard* v. *Daly*, 61 N. Y. 362.) Should it be determined as a fact that a contract was made, it will remain for plaintiff to prove the amount of his damages. (*Howard* v. *Daly, supra; Norske Ameriekalinje* v. *Sun P. & P. Assn.*, 226 N. Y. 1, 7.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN KIRK, P. J., DAVIS, HILL and HASBROUCK, JJ., concur; WHITMYER, J., dissents and votes for affirmance.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.